PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ALEJANDRO COMPARAN-GUZMAN,<br>QUINTIN JEUH CARLOS BANUELOS,<br>HECTOR GOMEZ,<br>LORENA RAMIREZ,<br>CHRISTINA MARIA NINO,<br>ANNA CONCEPCION JIMINEZ-AMBRIZ,<br>RAFAEL ZARAGOZA,<br>CAROL MALDONALDO VASQUEZ, AND<br>RITA ANN-MARIE LOUIS<br><br>Defendants. | CASE NO. 1:20-CR-00175-DAD-BAM<br><br>STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: August 24, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on August 24, 2022 in front of the Honorble Barbara A. McAuliffe, U.S. Magistrate Court Judge. The parties stipulate and request to continue the status conference and set a change of plea proceeding before the Honorable Jennifer L. Thurston, U.S. District Court Judge, for November 9, 2022 at 1:00 p.m. Defense counsel needs additional time to review discovery  Defense counsel for *Comparan-Guzman* indicated intent to set a trial date at the next status conference, but needing additional time to review discovery, conduct additional investigation, and engage in additional discussions with the government before doing so. Counsel for *Nino* indicated the need for additional time to review discovery due to a more recent appointment to the case, and time to

conduct any additional investigation or discussions with the government. The remainder of counsel agree that additional time is needed to engage in discussions with the government, and conduct additional discovery to determine whether the case should be set for a trial and how much time will be needed to prepare.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight and were entered to address public health concerns related to COVID-19. Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. Defense counsel needs additional time to review discovery  Defense counsel for Comparan-Guzman indicated intent to set a trial date at the next status conference, but needing additional time to review discovery, conduct additional investigation, and engage in additional discussions with the government before doing so. Counsel for Nino indicated the need for additional time to review discovery due to a more recent appointment to the case, and time to conduct any

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

additional investigation or discussions with the government. The remainder of counsel agree that additional time is needed to engage in discussions with the government, and conduct additional discovery to determine whether the case should be set for a trial and how much time will be needed to prepare.

    2.    By this stipulation, defendants now move to continue the August 24, 2022 status conference to November 9, 2022 and to exclude time from August 24, 2022 to November 9, 2022 under Local Code T4.

    3.    The parties agree and stipulate, and request that the Court find the following:

    a)    .The government has represented that the discovery associated with this case includes investigative reports, videos, photos, and related documents in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b)    The government does not object to the continuance.

    c)    In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Defendant's ability to prepare for trial or a plea has been inhibited by the public health emergency;

- Defendant needs additional time to review discovery, and conduct additional investigation; and

    d)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    e)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 24, 2022 to November 9, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 19, 2022
PHILLIP A. TALBERT
United States Attorney

/s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

Dated: August 19, 2022
/s/ ANTHONY CAPOZZI
ANTHONY CAPOZZI
Counsel for Defendant
JUAN ALEJANDRO
COMPARAN-GUZMAN (1)

Dated: August 19, 2022
/s/ VICTOR CHAVEZ
VICTOR CHAVEZ
Counsel for Defendant
QUINTIN JEUH CARLOS-BANUELOS (2)

Dated: August 19, 2022
/s/ MARK COLEMAN
MARK COLEMAN
Counsel for Defendant
HECTOR-GOMEZ (3)

Dated: August 19, 2022
/s/ STEVEN CRAWFORD
STEVEN CRAWFORD
Counsel for Defendant
LORENA RAMIREZ

Dated: August 19, 2022
/s/ RICHARD M. OBERTO
RICHARD M. OBERTO
Counsel for Defendant
CHRISTINA MARIA NINO (6)

Dated: August 19, 2022
/s/ CAROLYN McCREARY
CAROLYN McCREARY
Counsel for Defendant

| | |
|---|---|
| Dated:  August 19, 2022 | ANNA CONCEPCION JIMINEZ-AMBRIZ (7)<br> /s/ ROBERT LAMANUZZI<br>ROBERT LAMANUZZI<br>Counsel for Defendant |
| Dated:  August 19, 2022 | RAFAEL ZARAGOZA (8)<br>/s/ BARBARA H. O'NEILL<br>BARBARA H. O'NEILL<br>Counsel for Defendant<br>RAFAEL ZARAGOZA |
| Dated:  August 19, 2022 | CAROL MALDONALDO VASQUEZ (9)<br> /s/ CAROL ANN MOSES<br>CAROL ANN MOSES<br>Counsel for Defendant |

## **ORDER**

IT IS SO ORDERED that the status conference is continued from August 24, 2022, to **November 9, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **August 22, 2022**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE