PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN COMPARAN-GUZMAN, ET AL.<br><br>Defendants. | CASE NO. 1:20-CR-00175-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 9, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and Justin J. Gilio, Assistant United States Attorney, and the defendants, by and through their respective attorneys of record, hereby stipulate to continue the status conference in this case from November 9, 2022, until February 22, 2023 at 1:00 p.m. and for such time between those dates be excluded from the calculation as to the time within which the defendants should be tried. The parties also agree to come to that status conference prepared to set the case for changes of plea or a trial.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

---

counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on November 9, 2022.

2. By this stipulation, the parties now move to continue the status conference until February 22, 2023 and to exclude time between November 9, 2022 and February 22, 2023.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case includes case includes voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, and cellular phone downloads, totaling thousands of pages of discovery and several gigabytes of electronic data.

   b) Counsel for the defendants desire additional time to review discovery and to confer with their respective clients regarding a potential resolution of this matter and regarding preparation for potential trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

et seq., within which trial must commence, the time period of November 9, 2022 to February 22, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) and B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 31, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ Justin J. Gilio
Justin J. Gilio
Assistant United States Attorney

Dated:  October 31, 2022

/s/ Anthony P. Capozzi
Anthony P. Capozzi
Counsel for Defendant
Juan Alejandro Comparan-Guzman

Dated:  October 31, 2022

/s/ Victor Manuel Chavez
Victor Manuel Chavez
Counsel for Defendant Quintin Jeuh Carlos-Banuelos

Dated:  October 31, 2022

/s/ Steven Leon Crawford
Steven Leon Crawford
Counsel for Defendant Lorena Ramirez

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4

| | |
|---|---|
| Dated:  October 31, 2022 | /s/ Richard M. Oberto<br>Richard M. Oberto<br>Counsel for Defendant Christina Maria Nino |
| Dated:  October 31, 2022 | /s/ Carrie C. McCreary<br>Carrie C. McCreary<br>Counsel for Defendant Anna Concepcion Jimenez-Ambriz |
| Dated:  October 31, 2022 | /s/ Barbara Hope O'Neill<br>Barbara Hope O'Neill<br>Counsel for Defendant Rafael Zaragoza |
| Dated:  October 31, 2022 | /s/ Robert Lamanuzzi<br>Robert Lamanuzzi<br>Counsel for Defendant<br>Carol Maldonado Vasquez |
| Dated:  October 31, 2022 | /s/ Carol Ann Moses<br>Carol Ann Moses<br>Counsel for Defendant<br>Rita Anne-Marie Louis |
| Dated:  October 31, 2022 | /s/ Mark Coleman<br>Mark Coleman<br>Counsel for Defendant<br>Hector Gomez |

## ORDER

IT IS SO ORDERED that the status conference is continued from November 9, 2022, to **February 22, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The parties have not indicated when they will be ready to set the matter for trial.  In any future request for a continuance, the parties must inform the Court when they will be ready to set this case for trial. If the parties fail to do so, the Court may deny any additional continuance and keep the status conference on calendar to discuss trial setting with the parties.

IT IS SO ORDERED.

Dated:   **November 2, 2022**         /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE